<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALAN D. GARRETT,<br><br>            Plaintiff,<br><br>    v.<br><br>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY, et al.,<br><br>            Defendants. | Civil Action No. 17-2924-BRM-DEA<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court[1] is: (1) Plaintiff Alan D. Garrett's ("Plaintiff") Complaint asserting civil rights claims against his former criminal defense attorneys, Maggie F. Moy, Michael N. Huff, and Thomas J. Young (collectively, "Prior Defense Attorneys") and former Chief Jerome B. Simandle, U.S.D.J. (ECF No. 1); and (2) Plaintiff's Amended Application for leave to proceed *in forma pauperis* (ECF No. 7-1.) As leave to proceed *in forma pauperis* is warranted in this matter, this Court **GRANTS** Plaintiff's application to proceed *in forma pauperis*. Because this Court is granting that application, this Court is required to screen the complaint pursuant to 28 U.S.C. §§

---

[1] Because Plaintiff names a District Court judge as a Defendant, this case was assigned to this Court pursuant to the Court's January 13, 1994 standing order, which requires that in all cases where a judge of this District is named as a party, the matter shall be assigned to a judge sitting in a different vicinage of this District than the one in which the named judge sits. Pursuant to the standing order, this Court need not recuse itself if the assigned judge determines the matter to be patently frivolous or if judicial immunity is plainly applicable, but the Court must reassign the matter for transfer outside of this District in the event the matter is neither frivolous nor subject to immunity. Because Plaintiff's Complaint must be dismissed for the reasons expressed herein, this Court need not recuse under the standing order.

1915(e)(2)(B) and 1915A. For the reasons set forth below, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint (ECF No. 1), and are assumed to be true for the purposes of this Opinion. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). In his Complaint, Plaintiff asserts various claims against Defendants regarding events that occurred during plea negotiations and during his plea and sentencing hearings in 2011 and 2016. (ECF No. 1 at 3-4.) Specifically, Plaintiff claims his Prior Defense Attorneys "provided ineffective assistance of counsel" in negotiating and prosecuting a plea agreement Petitioner entered into in October 2011, as well as in their representation of Plaintiff during his sentencing in February 2012 and in a subsequent violation of probation matter in December 2016. (*Id.*) Plaintiff contends counsels' ineffective assistance resulted in Plaintiff involuntarily and unknowingly agreeing to an improper plea agreement, and this improper agreement resulted in him receiving an "illegal" sentencing enhancement. (*Id.* at 3.) Finally, Plaintiff claims Judge Simandle accepted and failed to correct the "erroneous plea agreement" including the "enhancements that didn't fit" the crime to which he pled guilty, resulting in a "manifest injustice." (*Id.*) Therefore, Plaintiff requests he be provided "monetary compensation" for his "unconstitutional sentence . . . [and] a reasonable probability [that] counsels['] unprofessional errors [affected] the result of [his criminal] proceeding." (*Id.* at 4.) Plaintiff also seeks his "immediate release." (*Id.*)

## II. LEGAL STANDARD

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) (the "PLRA"), district courts must review the complaints in all civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. Because Plaintiff has been granted *in forma pauperis* status (*see* ECF No. 6) and is a state prisoner seeking damages from state agencies (*see* ECF No. 1), this action is subject to *sua sponte* screening for dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and § 1915A.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation'" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III. DECISION

Plaintiff brings claims against his Prior Defense Attorneys for ineffective assistance of counsel and against Judge Simandle for the imposition of an allegedly unconstitutional sentence pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the federal analogue to an action under § 1983. *See, e.g., Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001). "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (§ 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

A *Bivens* action is the federal equivalent of the § 1983 action against state actors, and the same legal principles and analyses apply to a federal actor under *Bivens* as would apply under § 1983 for a state actor. *Brown*, 250 F.3d at 800. Accordingly, the elements of a *Bivens* claim are: "that a defendant acted under color of federal law" and "to deprive plaintiff of a constitutional right." *Capalbo v. Hollingsworth*, No. 13-3291 (RMB), 2013 WL 6734315, at *4 (D.N.J. Dec. 19, 2013).

In this matter, Plaintiff raises claims based on ineffective assistance of counsel and imposition of an improper sentence. As a preliminary matter, all of the Defendants named in the Complaint – Plaintiff's Prior Defense Attorneys and the sentencing judge – are either immune

5

from suit under § 1983 or *Bivens*. As to Plaintiff's claims against his sentencing judge, it is well established that judges acting in performance of their duties are absolutely immune from suit. *Kwasnik v. Leblon*, 228 F. App'x 238, 243 (3d Cir. 2007); *see also Mireles v. Waco*, 502 U.S. 9, 12 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority, rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Kwasnik*, 228 F. App'x at 243. (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). Because Plaintiff has pled no facts indicating a lack of jurisdiction, and has instead pled facts – including facts regarding his guilty plea – that indicate criminal jurisdiction did exist, Judge Simandle is absolutely immune from the claims Plaintiff presents against him for issuing an allegedly illegal sentence. *Id.*

Plaintiff's civil rights claims against his Prior Defense Attorneys fail for similar reasons. Defense counsel, including "public defenders and court-appointed counsel acting within the scope of their professional duties are absolutely immune from civil liability under § 1983." *Walker v. Pa.*, 580 F. App'x 75, 78 (3d Cir. 2014) (quoting *Black v. Bayer*, 672 F.2d 309, 320 (3d Cir. 1982), *abrogated on other grounds by D.R. v. Middle Bucks Area Voc. Tech. Sch.*, 972 F.2d 1364, 1368 n. 7 (3d Cir. 1992)). Public defenders do "not act under color of state [or federal] law when performing a lawyer's traditional functions." *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981). Plaintiff's claims against his Prior Defense Attorneys arise out of those attorneys' actions taken in Plaintiff's criminal defense – negotiating and pursuing a plea agreement and representing Plaintiff during plea and sentencing hearings. As such, Defendants Moy, Huff, and Young were not acting under color of state or federal law in representing him and are entitled to absolute immunity. *Id.* Accordingly, all of Plaintiff's claims are **DISMISSED** with prejudice because all of the named Defendants are absolutely immune from suit based on the actions alleged in the Complaint.

Although the Court finds absolute immunity disposes of all claims raised in Plaintiff's Complaint, Plaintiff's Complaint also raises claims to secure his immediate release, and to recover monetary damages arising out of his criminal sentence. It is well established that a prisoner may not use a civil rights complaint under § 1983 or *Bivens* as a means to challenge "the fact or duration" of his criminal confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (holding a federal civil rights action "will not lie when a state prisoner challenges the fact or duration of his confinement" and a civil rights action cannot be used by a prisoner to seek either his "immediate release" or a "shortening" of his term of confinement). The Supreme Court has further extended this rule to bar not only those suits seeking to invalidate a prisoner's conviction or sentence, but also to cases where a plaintiff seeks compensatory damages where the success of that claim for damages would necessarily impugn the validity of his conviction or sentence. *Wilkinson*, 544 U.S. at 80-82; *Heck v. Humphries*, 512 U.S. 477, 486-87 (1994). Therefore, any suit seeking damages arising from an allegedly improper sentence or conviction must be preceded by a judgment of the state or federal courts invalidating the plaintiff's conviction or sentence. *Wilkinson*, 544 U.S. at 81-82. A claim seeking the invalidation of a federal sentence must instead be brought pursuant to 28 U.S.C. § 2255, and a civil rights action may not be used in the stead of a § 2255 motion where the plaintiff cannot meet the habeas statute's gatekeeping requirements.[2] *Id.* at 80-82. The *Wilkinson* Court therefore expressly held that a prisoner's civil rights action "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if*

---

[2] This Court will not construe Plaintiff's current Complaint as a § 2255 because Plaintiff has already filed § 2255 motions related to his convictions under Docket Numbers 13-27 and 17-3254, which have been decided or remain pending before Judge Simandle.

success in that action would necessarily demonstrate the invalidity of [his] confinement or its duration." *Id.* at 81-82.

Here, Plaintiff seeks both immediate release and monetary damages arising from the allegedly improper sentence he received. However, Plaintiff has failed to present facts suggesting his conviction was invalidated. Indeed, because Plaintiff remains confined, it is clear his conviction, or at least his most recent supervised release violation, has not been invalidated. Accordingly, Plaintiff's claims are also **DISMISSED** because he seeks an immediate release and monetary damages from his allegedly improper sentence.

### IV.   CONCLUSION

For the reasons stated above, Plaintiff's Amended Application for leave to proceed *in forma pauperis* (ECF No. 7) is **GRANTED**, and Plaintiff's Complaint (ECF No. 1) is **DISMISSED** in its entirety. An appropriate order will follow.

**Date:   July 14, 2017**                                           */s/ Brian R. Martinotti*
                                                                                **HON. BRIAN R. MARTINOTTI**
                                                                                **UNITED STATES DISTRICT JUDGE**